UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN CIOTTA, | ) | NO. CV 14-9861-GHK (AS) |
| Petitioner, | ) | |
| | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| MARTIN BITER, Warden,[1] | ) | |
| Respondent. | ) | |

On December 29, 2014, Petitioner, a California state prisoner proceeding *pro se*, filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" ("the Petition") (Docket Entry No. 1). The Court has the authority to *sua sponte* dismiss habeas actions under the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254, Rule 4 ("If it plainly appears from the face of the petition and any attached exhibits that the

---

[1] Martin Biter, as the Warden of Kern Valley State Prison where Petitioner is housed, is substituted as the Respondent in these proceedings. See Fed.R.Civ.P. 25(d).

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); see also Pagtalunan v. Galaza, 291 F.3d 639, 641 n.1 (9th Cir. 2002) (citing Rule 4).  Because the instant Petition is successive, the Court will dismiss the Petition without prejudice to Petitioner filing a new action if and when he obtains permission to file a successive petition from the Ninth Circuit Court of Appeals.

On October 14, 1988, Petitioner pleaded guilty to two counts of first degree murder and one count of attempted murder in the first degree, and admitted allegations of special circumstances (multiple homicides), use of a firearm and great bodily injury, pursuant to an agreement which provided that he would not receive a capital sentence.[2]  On November 4, 1988, Petitioner was sentenced to two concurrent terms of life without the possibility of parole, followed by a consecutive sentence of life with the possibility of parole, plus a sentence of three years.[3]  After his convictions were final, Petitioner filed two untimely notices of appeal, four state habeas petitions in the California courts, and two petitions for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this

---

[2] See Steven Ciotta v. K. Holland, No. CV 12-10593-GHK(AS)(Lodged Doc. 1).

[3] See Steven Ciotta v. K. Holland, No. CV 12-10593-GHK(AS)(Lodged Doc. 2 at 7, Lodged Doc. 3).

Court.[4]

The instant Petition challenges Petitioner's 1988 convictions based on the asserted denial of an application to obtain a parole hearing. Petitioner contends that, as part of his plea agreement, the prosecution agreed to dismiss the first degree murder charges and reduce his convictions to second degree murder. (Petition at 6, 10). Thus, Petitioner requests relief in the form of a "reduced sentence . . . in [the] range of 13 [years] to 15 [years] to life." (Petition at 18).

In response to question 10 on the form Petition, see Pet. at 22, petitioner admitted to having previously filed a federal habeas petition in this Court challenging the same convictions. See Steven Ciotta v. K. Holland, No. CV 12-10593-GHK (AS) ("the prior habeas action"). The claims asserted in the prior habeas action included a request for an evidentiary hearing to "redetermine [the] degree for reduction . . . and modification of sentence on all three counts by . . . removal of life without parole sentence." (Id.; Docket Entry No. 1-1 at 13).[5] On March 27, 2014, the

---

[4] See Ciotta v. Attorney General, CV 93-5795-HLH (EE); Ciotta v. Prunty, CV 95-2536-GHK (RNB). These petitions were dismissed without prejudice for failure to exhaust claims.

[5] See Fed.R.Evid.201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

assigned Magistrate Judge issued a Report and Recommendation recommending that the prior habeas action be dismissed with prejudice because it was untimely and Petitioner had failed to establish any entitlement to equitable tolling for his untimely petition. (Id.; Docket Entry No. 45). On June 17, 2014, this Court issued an Order Accepting the Magistrate Judge's Report and Recommendation in the prior habeas action, entered Judgment denying and dismissing the petition with prejudice, and denied Petitioner a Certificate of Appealability. (Id.; Docket Entry Nos. 52-54). On June 23, 2014, Petitioner filed a Notice of Appeal in the United States Court of Appeals for the Ninth Circuit. (Id.; Docket Entry No. 55). On January 15, 2015, the Ninth Circuit denied Petitioner's request for a certificate of appealability. (Id.; Docket Entry No. 59).

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996" or "AEDPA"). Courts have recognized that AEDPA generally prohibits successive petitions.

> AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions.

Tyler v. Cain, 533 U.S. 656, 661 (2001)(internal citation omitted). The first exception to the successive petition bar is for claims "predicated on newly discovered facts that call into question the accuracy of a guilty verdict." Id. At 661-62. The second exception is for "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. at 662. Pursuant to 28 U.S.C. § 2244(b)(3)-(4), the initial determination of whether a second or successive petition falls into one of these exceptions is made by the United States Court of Appeals upon a petitioner's application for an order authorizing the district court to consider a second or successive petition.

Although AEDPA does not specify what constitutes a "second or successive" petition, Hill v. Alaska, 297 F.3d 895, 897 (9th Cir. 2002), the Supreme Court, the Ninth Circuit, and its sister circuits have interpreted the term as a derivation of the pre-AEDPA "abuse-of-the-writ" doctrine. Id. at 897-98; see also Felker v. Turpin, 518 U.S. 651, 664 (1996). Under the abuse of the writ doctrine, a petition is "second or successive" if it raises claims that were or could have been adjudicated on their merits in an earlier petition. See McCleskey v. Zant, 499 U.S. 467, 494-95 (1991); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001)(citations omitted). A petition may nevertheless be second or successive even if the claims were not presented in a prior

application. Cooper, 274 F.3d at 1273 (citing 28 U.S.C. § 2244(b)(2))). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir. 1998).

The instant Petition, and the prior habeas action both challenge Petitioner's custody pursuant to the same 1988 convictions for first degree murder and attempted murder. Notwithstanding Petitioner's attempt to frame his argument as a challenge to the denial of his application for parole, Petitioner is in fact challenging the sentence imposed for his 1988 convictions, essentially claiming that he should have received a parole-eligible sentence.[6] Pet. at 10. Petitioner's claims were presented, or could have been presented, in the prior habeas petition.[7] Accordingly, the instant Petition is "second or

---

[6] Even if the instant petition is construed as a challenge to the denial of a parole hearing, that claim is substantively frivolous because Petitioner is serving a two concurrent sentences of life *without* parole. See Swarthout v. Cooke, 131 S.Ct. 859, 862 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners") (citation omitted). see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations of the petition are "patently frivolous or false.")(citations and internal quotations omitted).

[7] Indeed, Petitioner's claim that the prosecution breached his plea agreement by failing to reduce his convictions to second degree murder is based on facts known to him in the course of his original criminal proceedings in state court.

6

successive" for purposes of 28 U.S.C. § 2244.[8]  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (petition was "second or successive" where asserted claims contested the same custody imposed by the same judgment of a state court that were challenged in the initial petition). see also McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (dismissal of section 2254 habeas petition for failure to comply with the statute of limitations is a disposition "on the merits" that renders future petitions under §2254 challenging the same conviction "second or successive" for purposes of § 2244(b)).

Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition must first obtain authorization from the court of appeals. See Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application

---

[8] Moreover, the claims asserted in the instant petition do not appear to fall within the exceptions to the bar on second or successive petitions because Petitioner has not identified any new rule of constitutional law that the Supreme Court has expressly made retroactive to cases on collateral review, or any new evidence that was not available to him, in the exercise of reasonable diligence, at the time he filed the prior habeas action challenging the same convictions. See 28 U.S.C. § 2255(h); Tyler v. Cain, 533 U.S. at 662.  However, this determination must be made by the United States Court of Appeals upon petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); See also Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]").

under § 2254' may be commenced"). Because Petitioner has not yet obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157.

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:      1/28     , 2015.

_____
GEORGE H. KING
UNITED STATES DISTRICT JUDGE